# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC ANTHONY DONIAS,<br><br>Petitioner,<br><br>v.<br><br>RAYTHEL FISHER,<br><br>Respondent. | No. 2:16-CV-2674-DMC<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before this Court is Petitioner's motion to stay and hold further proceedings in abeyance (ECF No. 27) filed on April 2, 2018. Petitioner seeks a stay in order to exhaust claims in state court and "bring them forth Federally."

///
///
///
///
///
///

1

## I. HABEAS PETITION AND MOTION TO STAY

The petition in this case raises a multitude of issues, none of which are entirely clear. This Court's initial review of the petition finds no less than ten claims related to ineffective assistance of counsel, a claim related to jury tampering, claims related to new evidence, and a constitutional challenge to California Propositions 8 and 115, among others.

Petitioner's stay motion is even less clear. Petitioner's motion asserts that he seeks to "perfect federal habeas claims relevant to unexhausted claims pending in state court" but fails to identify the claims. It is also unclear if Petitioner wishes to exhaust issues that are unexhausted in this petition, or if he wishes to exhaust issues that are not in this petition but can be added to the petition via amendment after exhaustion.

## II. GOVERNING LEGAL PRINCIPLES

Habeas petitioners are required to exhaust state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violation without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982). Exhaustion requires fair presentation of the substance of a federal claim to the state courts. Picard v. Connor, 404 U.S. 270, 276 (1971). In order to exhaust state remedies, a federal claim must be presented to the state's highest court, which is the California Supreme Court. Castille v. Peoples, 489 U.S. 346 (1989).

When a stay-and-abeyance motion is filed, the analysis depends on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the analysis discussed in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) overruled on other grounds by Robbins v. Carey, 481 F.3d

1143, applies. See Jackson, 425 F.3d at 661.

Under Rhines, "stay and abeyance [is] available only in limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the "unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277–78. "There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust" under Rhines. Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). "The Supreme Court has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)). The Ninth Circuit has "held that good cause under Rhines does not require a showing of 'extraordinary circumstances,' but that a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (quoting Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005); and Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake, 745 F.3d at 982.

Under the Kelly procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending the exhaustion of additional claims. Kelly, 315 F.3d at 1070-71; King, 564 F.3d at 1135. Once the additional claims have been exhausted, the petitioner may then amend his federal habeas petition, adding them to the original petition, as long as the claims are not time-barred. King, 564 F.3d at 1135, 1140-41. Unlike the procedure created by Rhines, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." Id. at 1135. However, a petitioner's use of the procedure outlined in Kelly is subject to the requirement of Mayle v. Felix, 545 U.S. 644 (2005), that any newly exhausted claims a petitioner seeks to add to a pending federal habeas petition must be timely or relate back to claims contained in the original petition that were exhausted at the time of filing. King, 564 F.3d at 1143.

**III.  ANALYSIS**

Petitioner's motion cites to Rhines v. Weber for the basis of the requested stay, which indicates that Petitioner believes he has filed a mixed petition containing both exhausted and unexhausted claims.  However, the language of the motion itself, which states that the stay is necessary to "perfect federal habeas claims relevant to unexhausted claims pending in state court" and that "Petitioner has raised claims of ineffective assistance of counsel and issues of evidence raised within said claims are addressed under prosecutorial misconduct in the lower state courts in order to exhaust claims and bring forth federally" indicate that the petition is fully exhausted but Petitioner wishes to exhaust additional relevant claims in state court and add them via amendment to the current petition.  If the latter is true, a Rhines stay would be inappropriate and Petitioner instead should seek a stay under Kelly v. Small.  However, because Petitioner's motion is filed under Rhines, this Court will analyze the motion under the Rhines standard.

Turning first to the good cause requirement.  Petitioner's motion has failed to demonstrate good cause.  The motion provides no factual support for the stay and fails to even identify which issues Petitioner believes are exhausted and which issues Petitioner believes are unexhausted.  For that reason, it is impossible for this court to determine if good cause exists because the Court has no indicia as to the claims Petitioner seeks to exhaust.  It necessarily follows that Petitioner's motion fails to establish the "potentially meritorious" requirement.  It is impossible for this Court to determine if the unexhausted claims are potentially meritorious if the Court does not know what the unexhausted claims are.  Finally, Petitioner has satisfied the third requirement of Rhines, as there is no indication that Petitioner has engaged in intentionally dilatory litigation tactics in this case. However, because Petitioner has failed to satisfy the first two requirements for a Rhines stay, this Court cannot grant Petitioner a stay.

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Petitioner's motions for a stay-and-abeyance order (ECF No. 27) is DENIED.

Dated:  March 13, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE